RECEIVED
2005 DEC 23 P 1:49

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **REUBEN E. REDD,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: 2:05CV1223-F |
| ) | |
| ) | |
| **ALABAMA SECURITIES COMMISSION,** ) | |
| ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

This is an action seeking principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress retaliation in employment as a result of Plaintiff filing an action alleging discrimination on the basis of race against the Defendant. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### PARTIES

**I**

1. Plaintiff, Reuben Redd, is an African American male, and a resident citizen of Elmore County, Alabama. He brings this action against Defendant, Alabama Securities Commission for retaliation for filing an action alleging racial discrimination due to his failure to be promoted to the position of Senior Special Agent.

2. Defendant, Alabama Securities Commission is an agency of the State of Alabama, with is primary place of business located in Montgomery County, Alabama. This Defendant has over 15 full time employees, and is an employer as that term is defined by the Civil Rights Act of 1964, as amended.

## FACTUAL ALLEGATIONS

### II

3. Plaintiff, an African American male, and was hired by Defendant State of Alabama-Personnel Department as a Special Agent on November 1, 1993. Plaintiff continues to work for Defendant.

4. On or about October 4, 2004, Plaintiff applied for the position of Senior Special Agent.

5. At the time of the events complained of herein, Plaintiff was ranked number one on the Alabama State Register for the position of Senior Special Agent.

6. Plaintiff was not promoted to the position of Senior Special Agent. Instead the Employer has allowed a white Special Agent to serve in the position as Acting Senior Special Agent. He has been allowed to do so up to and including the present time.

7. This time period that the white employee has served in the "acting" position" is well beyond the established time frame.

8. It has previously been the practice of the employer to immediately fill the vacant position once a register is established.

9. Plaintiff further contends that the employer's failure to promote him was motivated by racial concerns on the part of the Defendants.

10. On February 15, 2005, Plaintiff submitted a Charge of Discrimination with Equal Employment Opportunity Commissions' Regional Office in Birmingham, Alabama alleging race discrimination.

11. On or about February 17, 2005 Plaintiff was on Annual Leave from his job due to a very serious medical diagnosis and illness of his daughter. His leave continued to March 15, 2005.

12. On March 15, upon return from leave, Plaintiff was informed that the Senior Special Agent who had received the position for which he had applied and had filed a discrimination claim, had informed Peters, a Special Agent, same as Plaintiff, that Plaintiff had filed a discrimination complaint. Peters is not in Plaintiff's chain of command.

13. Also, on March 15, 2005, Mr. Parks the security office assigned to work in the lobby at the RSA building where Plaintiff works informed Plaintiff that he (Parks) had been told not to speak to Plaintiff because Plaintiff was trying to start trouble on his job. Parks has since been transferred from his position.

14. On March 22, 2005, Plaintiff was on break and walking in the basement of the RSA building. While there he saw Dan Lord, a Staff Member of the th Alabama Securities Commission. During conversation with Lord Plaintiff was informed by Lord that he was in the basement watching Plaintiff. This occasion was the first and only time that Plaintiff had seen Lord walking in the basement. Others did witness this incident.

15. Plaintiff alleges that since he filed his initial complaint with the EEOC people working in the RSA Building have joked about people in the building watching Plaintiff.

16. Further Plaintiff alleges that when he leaves the Alabama Securities Commission's office he has been repeatedly followed by David and Roger, maintenance staff workers. Should Plaintif take his break in the lobby these individuals show up and stand around.

17. Plaintiff is a Vietnam Veteran and has served in the Alabama National Guard since 1988.

18. On March 23, 2005, Senior Special Agent Foley, (the white male who received the position for which Plaintiff had applied, and Plaintiff's Supervisor), called Plaintiff into his office in reference to Military Guard Duty that Plaintiff has served for many years without any incident. On this occasion Plaintiff was informed that this was a bad time for him to have Military Guard Duty. And he was questioned at length about his military service; who his commander was, where his orders come from, what he would be doing, and if it could wait until later.

19. Prior to the filing of the initial EEO complaint Plaintiff had never been questioned about his Military Guard Duty, and had reported to duty on numerous occasions without incident.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
### III

Plaintiff submitted a charge of retaliation to the Equal Employment Opportunity Commissions' Regional Office in Birmingham, Alabama, and received a dismissal and Notice of Rights. He now files this action in Federal District Court based on a claim of retaliation by Defendant.

## COUNT I

20. Due to its actions as stated above, Defendants retaliated against Plaintiff on the basis of his race, in violation of the Civil Rights Act of 1964, as amended.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) A declaratory judgment that Defendants, Alabama Securities Commission and Alabama State Personnel Department. retaliated against Plaintiff as a result of his having filed an action alleging discrimination on the basis of his race, in violation of the Civil Rights Act of 1964, as amended;

(b) Award Plaintiff the sum of $250,000.00 as compensatory damages;

(d)(e) Award Plaintiff his costs and expenses in bringing this action, including a reasonable attorney's fee; and,

(f) Award such other alternate relief as the court may deem just and proper.

Respectfully submitted,

_____
Janice Spears-Turk ASB-2195-R69J
2735 Office Park Circle
Montgomery, AL 36116
(334) 274-0883
(334) 272-3031
jdst@spearsturklaw.ntcmail.net